# EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHAD REICHHOLD,<br>　　　　Plaintiff, | )<br>)　DOCKET NO. 489 Civil 2015<br>) |
| VS. | )<br>)　**COMPLAINT** |
| AUTOZONERS, LLC | )<br>)<br>)　FILED ON BEHALF OF:<br>)　**Chad Reichhold**<br>)<br>)<br>)　COUNSEL OF RECORD:<br>)　MARC T. VALENTINE, ESQUIRE<br>)　PA ID NO. 313624<br>)　PO BOX 192<br>)　124 N. CENTER AVE., STE 230<br>)　SOMERSET, PA 15501<br>)　(814) 701-2835 |

FILED FOR RECORD
2016 JAN -4 PM 2:50
ANGIE SVONAVEC
PROTHONOTARY
SOMERSET, PA

Certified to be true and
correct copy of the original
Document on file in
this office.

_____
Prothonotary

JAN -7 2016

IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHAD REICHHOLD, | ) | |
| Plaintiff, | ) | DOCKET NO. 489 Civil 2015 |
| | ) | |
| VS. | ) | |
| | ) | **COMPLAINT** |
| AUTOZONERS, LLC | ) | |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Pennsylvania Lawyer Referral Service
Pennsylvania Bar Association
100 South Street
P.O. Box186
Harrisburg, PA 17108
(800) 692-7375

IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHAD REICHHOLD, | ) | |
| Plaintiff, | ) | DOCKET NO. 489 CIVIL 2015 |
| | ) | |
| VS. | ) | |
| | ) | |
| AUTOZONERS, LLC | ) | |

## COMPLAINT

AND NOW, comes the Plaintiff Chad Reichhold by and through his Attorney Marc T. Valentine, Esquire filing this Complaint and averring the following:

1. Chad Reichhold's principal place of residence is 465 Byers Road, Somerset, Pennsylvania 15501, hereinafter referred to as Plaintiff.

2. The Defendant Autozoners, LLC with their principal place of business 1412 North Center Avenue, Somerset, Pa 15501, hereinafter referred to as Defendant.

3. The Plaintiff has served as a manager at the Defendant's auto part store from March 13, 2012 until April 14, 2015.

4. The Defendant is a business that primarily sells auto parts to customers.

5. The Defendant regularly issues an Employee Handbook to its employee.

6. The employee handbook states not only the grounds of employment but also the steps for termination and suspension.

7. The employee handbook did not state that it cannot be used as a contract.

8. On April 14, 2015, the Plaintiff was notified his job was terminated.

9. Prior to his termination, the Plaintiff met with representatives of the Defendant.

1

10. The representatives of the Defendant had inquired into the steps taken by the Plaintiff regarding Cathy Chips.

11. Statements made by Cathy Chips were that she had been harassed not only by other employees but also by the Plaintiff.

12. Plaintiff explained to the representatives of the Defendant that the Plaintiff had taken the proper steps with regards to said accusations.

13. Plaintiff had previously had issues with said person and had taken disciplinary steps against said person for professionalism, timeliness, and cleanliness.

14. Plaintiff made approximately $54,000.00 a year.

15. Plaintiff was notified that he was being immediately terminated.

## Count I – Breach of Contract

16. Paragraphs 1 through 15 are hereby incorporated by reference as though fully set forth in detail.

17. The Plaintiff and Defendant entered into an employment agreement by virtue of the Employee Handbook that provided for the continued employment of the Plaintiff as long as the Plaintiff abided by the restrictions and confines in the Employee Handbook.

18. The Employee Handbook gave specific disciplinary steps should the Plaintiff breach any of the requirements in the Employee Handbook.

19. On or about March 11, 2015, the Defendant began to investigate allegations made by Cathy Chips against the Plaintiff dealing with harassment and failure to properly manage said store.

20. On April 14, 2015, the Defendant interviewed the Plaintiff and terminated the Plaintiff.

21. The Defendant breached the contract by not following the proper steps in the Handbook in regards to handling the investigation and discipline/termination of the Plaintiff.

2

22. The Plaintiff suffered damages when he lost his annual wages and is unable to receive any managerial job after said discharge.

WHEREFORE, the Plaintiff is seeking compensatory, reliance and expectation damages and any other damages this Honorable Court deems just and reasonable.

## Count II – Promissory Estoppel

23. Paragraphs 1 through 22 are hereby incorporated by reference as though fully set forth in detail.

24. The Defendant regularly required the Plaintiff to review and agree to the Employee Handbook. The Employee Handbook provided that if the Plaintiff followed all of the requirements of the Employee Handbook the Defendant would retain the Plaintiff as an employee.

25. The Plaintiff relied on the agreements and statements made in the Employee Handbook.

26. According to the Employee Handbook the Plaintiff was to discipline Cathy Chips for her adverse employee actions.

27. The Plaintiff disciplined Cathy Chips according to the Employee Handbook.

28. In retaliation the employee Cathy Chips informed the Defendant that the Plaintiff had allegedly been harassing the employee and allowing the other employees to do the same.

29. Without following the Employee Handbook, the Defendant terminated the Plaintiff and did not follow any of the statements and averments made within the Employee Handbook. As such, the Plaintiff relied to his detriment on following the Employee Handbook.

30. The Plaintiff cannot be made whole unless this Honorable Court puts the Plaintiff in the same position the Plaintiff would have been if the Defendant had not breached the agreement.

3

WHEREFORE, the Plaintiff is seeking compensatory, reliance and expectation damages and any other damages this Honorable Court deems just and reasonable.

### Count III – Wrongful Termination

31. Paragraphs 1 through 30 are hereby incorporated by reference as though fully set forth in detail.

32. The Plaintiff and Defendant entered into an employment agreement by virtue of the Employee Handbook that provided for the continued employment of the Plaintiff as long as the Plaintiff abided by the restrictions and confines in the Employee Handbook.

33. The Employee Handbook gave specific disciplinary steps should the Plaintiff breach any of the requirements in the Employee Handbook.

34. On or about March 22, 2015, the Defendant began to investigate allegations made by Cathy Chips against the Plaintiff dealing with harassment and failure to properly manage said store.

35. On April 14, 2015 the Defendant interviewed the Plaintiff and terminated the Plaintiff.

36. The Defendant breached the contract by not following the proper steps in the Handbook in regards to handling the investigation and discipline/termination of the Plaintiff.

37. The Plaintiff suffered damages and then he lost his annual wages and is unable to receive any managerial job after said discharge.

WHEREFORE, the Plaintiff is seeking compensatory, reliance and expectation damages and any other damages this Honorable Court deems just and reasonable.

### Count IV – Discrimination

38. Paragraphs 1 through 37 are hereby incorporated by reference as though fully set forth in detail.

39. Plaintiff is a male and a manager at the Defendants store.

4

40. The investigator from Human resources of the Defendant is a female.

41. The employee that made the allegations against the Plaintiff is a female.

42. The Defendant did not conduct a reasonable and fair investigation into the allegations made by the said employee.

43. The Defendant terminated the Plaintiff because the Defendant was a male and the allegations were of harassment.

44. The Plaintiff was terminated because of his sex which is in direct violation of 1964 Civil Rights Act Title VII.

WHEREFORE, The Plaintiff is seeking compensatory, reliance and expectation damages and any other damages this Honorable Court deems just and reasonable.

Respectfully Submitted,

Marc T. Valentine, Esquire

## VERIFICATION

I verify that the statements made in this Complaint are true and correct. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
CHAD REICHHOLD

IN THE COURT OF COMMON PLEAS OF SOMERSET COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHAD REICHHOLD,<br>    Plaintiff, | )<br>)   DOCKET NO. 489 Civil 2015<br>) |
| VS. | )<br>) |
| AUTOZONERS, LLC<br>    Defendant. | )<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Complaint was served upon the following party via First Class, Postage Pre-Paid, U.S. Mail on this date.

Paul R. Robinson, Esquire
Meyer, Darragh, Buckler,
Bebenek & Eck, P.L.L.C.
U.S. Steel Towner, Suite 4850
600 Grant Street
Pittsburgh, Pa 15219
*(Counsel for Defendant)*

DATED: 1-4-2016

Marc T. Valentine, Esquire